DEATH PENALTY CASE

E-Filing

FILED 07 JUL 11 PM 2:36 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SEE Exhibits U.S. JUDGE Thelton HENDERSON LETTER

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name STANLEY JERRY FRANK
(Last) (First) (Initial)

Prisoner Number C 80900

Institutional Address DEATH ROW SAN QUENTIN, CAL 94974

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

JERRY F. STANLEY
(Enter the full name of plaintiff in this action.)

vs.

WARDEN AYERS
CAPT FOX
LT D. COLEMAN

(Enter the full name of respondent(s) or jailor in this action)

C 07 3582 SBA (PR)

Case No. 79-01620
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS**

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Butte County ________ Orouille, CAL ________

Court Location

(b) Case number, if known ________

(c) Date and terms of sentence FEB 1984 ________

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes X No ____

Where?

Name of Institution: DEATh row ________

Address: SAN QUENtIN ________

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

murDEr ________

________

________

3. Did you have any of the following?

Arraignment: Yes ✓ No ____

Preliminary Hearing: Yes ✓ No ____

Motion to Suppress: Yes ✓ No ____

4. How did you plead?

Guilty ____ Not Guilty ✓ Nolo Contendere ____

Any other plea (specify) ____________________

5. If you went to trial, what kind of trial did you have?

Jury ✓ Judge alone____ Judge alone on a transcript ____

6. Did you testify at your trial? Yes ✓ No ____

7. Did you have an attorney at the following proceedings:

(a) Arraignment Yes ✓ No ____

(b) Preliminary hearing Yes ✓ No ____

(c) Time of plea Yes ✓ No ____

(d) Trial Yes ✓ No ____

(e) Sentencing Yes ✓ No ____

(f) Appeal Yes ✓ No ____

(g) Other post-conviction proceeding Yes ✓ No ____

8. Did you appeal your conviction? Yes ✓ No ____

(a) If you did, to what court(s) did you appeal?

Court of Appeal Yes ____ No ____

Year: ________ Result: ____________________

Supreme Court of California Yes ✓ No ____

Year: 1995 Result: DENIED

Any other court Yes ____ No ____

Year: ________ Result: ____________________

(b) If you appealed, were the grounds the same as those that you are raising in this

need more space. Answer the same questions for each claim.

[Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: CIVIL RIGHTS VIOLATIONS DENIAL YARD - SUN FOR 4 YEARS - 9 MONTHS - 2 WEEKS

Supporting Facts: I HAVE NOT BEEN ALLOWED YARD - SUN FOR 4 YEARS 9 MONTHS AND 2 WEEKS. LT D. COLEMAN, LT PICKETT SAID I WILL NEVER, EVER RECEIVE SUN, EXERCISE, YARD UNLESS I PROVIDE LT COLEMAN INFORMATION (TEHAMA COUNTY INVE

Claim Two: CRIMINAL CONDUCT BY WARDEN AYERS, CAPT FOX, LT D. COLEMAN

Supporting Facts: LT COLEMAN, CAPT FOX REFUSING ME LEGAL MAIL, REGULAR MAIL UNLESS I PERSONALLY PROVIDE LT COLEMAN LOCATION OF MISSING VICTIM IN TEHAMA COUNTY - MISSING 27½ YEARS

Claim Three: DENIAL MEDICAL CARE

Supporting Facts: LT COLEMAN, CAPT FOX PERSONALLY DENYING ME MEDICAL CARE, MENTAL HEALTH CARE UNLESS I PROVIDE LT COLEMAN ABOVE LOCATION OF ABOVE MISSING VICTIM.

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

ANY COMPLAINTS TO WARDEN AYERS OR INTERNAL AFFAIRS DELIBERATELY ASSIGNED TO LT PICKETT OR OTHER LTS WHO DAILY WORK AND SOCIALIZE WITH LT. D. COLEMAN

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

CAPT FOX, LT D. COLEMAN COVERING UP, PROTECTING MEXICAN INMATE GANG MEMBERS WHO BRING OR HAVE BROUGHT IN DRUGS INTO DEATH ROW.

Do you have an attorney for this petition? Yes X No____

If you do, give the name and address of your attorney:

ATTORNEY JACK LEAVITT 510-524-5963

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on 7-3-07
Date

Jerry F Stanley
Signature of Petitioner

(Rev. 6/02)

OFFICE OF THE FEDERAL DEFENDER
EASTERN DISTRICT OF CALIFORNIA
801 I STREET, 3rd FLOOR
SACRAMENTO, CALIFORNIA 95814
(916) 498-6666 Fax: (916) 498-6656

*Daniel J. Broderick*
*Federal Defender*

*Linda C. Harter*
*Chief Assistant Defender*

June 6, 2007

James E. Tilton, Secretary
California Department of Corrections
and Rehabilitation
1515 S Street, South Building
Sacramento, California 95814

*RE: Jerry Stanley, CDCR # C80900*

Dear Secretary Tilton:

I am writing regarding some recurrent problems with the manner in which officials at San Quentin have responded the health, mail, and welfare of my client, Jerry Stanley.

First, regarding Mr. Stanley's health, it appears that non-medical personnel at San Quentin are interfering with his access to medical diagnoses and treatment. Mr. Stanley is in his 60's and has several serious medical conditions including a heart condition and a pulmonary condition. On April 2, 2007, Mr. Stanley was seen by a Dr. Lee at San Pablo Medical Center for his breathing problems. Dr. Lee prescribed the steroid Prednisone, and requested that Mr. Stanley be returned within four weeks for a follow-up examination. Mr. Stanley informs me that he has not received any follow-up medical visit, that his prescription has run out, and his breathing problems have worsened.

Second, as I am sure you are aware, security personnel at San Quentin, acting under the direction of Warden Ayres and Captain Fox, have recently, and unlawfully, confiscated large quantities of attorney mail from men in the condemned housing unit. While I understand that much of the illegally seized mail has been returned, problems with mail delivery continue. In particular, Mr. Stanley's legal mail has been delivered to another inmate in violation of law and CDCR rules. Staff at San Quentin have almost routinely delayed delivery of legal mail to Mr. Stanley. Some of his legal mail has been lost.

Third, Mr. Stanley previously was given yard time that included exposure to the sun. More recently, and for no identified reason, Mr. Stanley has only been permitted to walk in an area that receives no sun light.

Each of the circumstances I have described adversely affects Mr. Stanley's health, welfare, and ability to assist his appointed counsel. Each of these circumstances is being permitted to continue for no legitimate reason. I ask that you take appropriate action to correct these violations of

Mr. Stanley's rights and CDCR regulations.

Sincerely,

Tivon Schardl
Assistant Federal Defender

cc: Robert Sillen, Receiver

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO, CALIFORNIA 94102

THELTON E. HENDERSON
SENIOR UNITED STATES DISTRICT JUDGE

March 30, 2005

Mr. Gregg Cohen, District Attorney
County of Tehama
P.O. Box 8400
Red Bluff, CA 96080

Re: Death Row Inmate Jerry F. Stanley

Dear Mr. Cohen:

This will acknowledge receipt of your letter dated February 25, 2005 asking for any assistance I may be able to give with respect to Jerry Stanley's desire to divulge the grave site location of his former wife, Diana Lynn-Stanley.

I have had my law clerks do extensive research on this matter and have, as well, conferred with several of my colleagues. As much as I would like to be able to help you and Mr. Stanley, it appears that there is no way I can get involved without seriously violating my judicial ethical obligations.

I'm writing this letter in the hope that you can show it to Mr. Stanley as proof that you did write to me as he requested. I wish you and everyone involved every success in resolving this heart-wrenching dilemma.

Sincerely yours,

Thelton E. Henderson
United States District Judge

**Jack Leavitt**
**Attorney at Law**
**1065 A St., Suite 208**
**Hayward, CA 94541**
**Tel.: 510-581-9127**
**FAX: 510-581-9127**

1019 MERCED ST.
BERKELEY, CAL
94707

510-524-5963

September 13, 2004

Jeanne S. Woodford
Director
California Department of Corrections
P.O. Box 942883
Sacramento, CA 94283 - 0001

Re: Gerald F. Stanley, C80900 - ~~4-E-17~~ 3-E-21

Dear Director Woodford:

As the retained attorney for Gerald Stanley. I would appreciate it if you would investigate the present conditions under which he is confined on San Quentin's Death Row. You might be aware of Mr. Stanley's condition based on your previous work as the prison's Warden, but the pressures on him apparently have increased dramatically in recent months. The difficulties he is facing are based on his willingness to cooperate with Tehama County authorities (but not prison officials) in discussing the location of a missing victim's body.. On advice of counsel, he is trying his best to cooperate while at the same time protecting himself from unwarranted difficulties. Whatever help you can provide would be appreciated.

Many thanks for your cooperation.

Sincerely,

Jack Leavitt
CSB 31960